IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Delphine Henry, | : | |
| Plaintiff | : | Civil Action 2:12-cv-00841 |
| v. | : | Judge Smith |
| Abbott Laboratories, | : | Magistrate Judge Abel |
| Defendant | : | |

# Report and Recommendation

This matter is before the Magistrate Judge on plaintiff Delphine Henry's October 29, 2013 motion to reinstate her case (doc. 17) and her November 21, 2013 motion for leave to file a reply or supplemental motion for relief from judgment instanter (doc. 20).

<u>Background</u>. This action was originally filed on September 13, 2012. At the time the complaint was filed, plaintiff was represented by attorney Michael Todd Bivens. On October 24, 2012, Mr. Bivens filed a motion to withdraw as counsel. *See* doc. 9. Mr. Bivens provided a last known address and telephone number for plaintiff. Plaintiff signed an "Acknowledgment of Withdrawal" which indicated that the motion to withdraw had been served by regular mail to plaintiff at 293 Preswicke Mill, Blacklick, Ohio. On October 26, 2012, the motion was granted, and plaintiff was instructed to retain new counsel within 28 days or to file a statement with the Court indicating her intent to represent herself. *See* doc. 10.

1

On November 16, 2012, a preliminary pretrial conference was noticed. The notice was sent to plaintiff at the Preswicke Mill address. On November 16, 2012, plaintiff telephoned my office and requested additional time in which to locate new counsel. The Order granting her request for additional time stated that the preliminary pretrial conference would go forward as scheduled. The Order was also sent to the Preswicke Mill address. *See* doc. 12.

Plaintiff failed to appear for the preliminary pretrial conference or respond to the Court's Order to Show Cause. On January 16, 2013, this case was dismissed.

Arguments of the Parties. Plaintiff maintains that it was not until October 2013 that she learned of the dismissal of her case. Plaintiff submitted an affidavit detailing her interactions with her former attorney, William Patmon, III. Plaintiff hired Mr. Patmon in December 2011. Pl.'s Aff. at ¶ 1. Plaintiff met Mr. Patmon at various times in 2011 and 2013. *Id.* at ¶3. Plaintiff received her right to sue letter in June 2012. *Id.* at ¶4. On September 12, 2012, plaintiff's husband received an email from Mr. Patmon's office manager advising plaintiff that she had until September 13, 2012 in which to file a lawsuit and that attorney Michael Bivens would be filing the case. *Id.* at ¶5. Mr. Patmon informed plaintiff that he could no longer represent her because he was being appointed to the Civil Rights Commission and that Mr. Bivens would be representing her. *Id.* at ¶6. Mr. Bivens filed the case on September 13, 2012, and he filed a motion to withdraw as counsel on October 24, 2012. *Id.* at ¶¶7-8.

After Mr. Bivens withdrew, plaintiff states that she contacted Mr. Patmon, who advised her to ask the Court for additional time in which to locate a new attorney. *Id.* at ¶10. When plaintiff was unable to locate new counsel, Mr. Patmon agreed to represent her and indicated his belief that he could negotiate a settlement. *Id.* at ¶13. Plaintiff met with a paralegal in Mr. Patmon's office in February 2013 and had documents associated with her case sent to him. *Id.* at ¶¶15-17. Plaintiff had periodic contact with Mr. Patmon's office. *Id.* at ¶18. In October 2013, Mr. Patmon informed plaintiff that the Court had been sending orders to her previous address and that he needed documents demonstrating that she no longer lived at that address. He also told plaintiff he was still trying to reach a settlement. *Id.* at ¶21. On October 25, 2013, Mr. Patmon gave her a letter stating that her case had been dismissed and advised her to file a motion to reinstate the case. *Id.* at ¶23. From November 2012 until October 25, 2013, plaintiff believed that Mr. Patmon was representing her in this case. *Id.* at ¶26. Plaintiff was not aware that Mr. Patmon had not filed a notice of appearance in this case. *Id.* at ¶28.

Plaintiff seeks relief under Rule 60(b)(1) of the Federal Rules of Civil Procedure. Plaintiff maintains that she did not willfully ignore the Court's order and that her failure to act was the result of mistake, inadvertence and/or excusable neglect. Plaintiff maintains that when she learned that Mr. Bivins was withdrawing from the case, she took immediate action and sought additional time in which to find an attorney.

Plaintiff further maintains that she did not understand the implication of the last known address listed on Mr. Biven's motion to withdrawal. Furthermore, plaintiff

3

believed that she was being represented by Mr. Patmon, and she believed that her case was proceeding accordingly. Anytime plaintiff was personally aware of something that she was supposed to do, she took prompt action. Plaintiff further argues that her case falls within the circumstances contemplated by Rule 60(b)(6). Here, the neglect was on the part of plaintiff's counsel, not plaintiff warranting extraordinary relief.

Defendant argues that plaintiff's attempt to reinstate her lawsuit should be denied because she failed to offer sufficient justification for why she failed to keep the Court informed as to her current address and why she signed a document filed with the Court indicating a purportedly wrong address. Defendant also argues that plaintiff's allegations concerning Mr. Patmon are without merit. Plaintiff failed to attach an engagement letter or other proof that she complied with the Court's Order that she retain new counsel. Defendant also contends that the gross neglect on the part of counsel is generally not enough to set aside a judgment under Rule 60(b)(1) on the basis of excusable neglect. When a client chooses an attorney as her representative, she cannot avoid the consequences of the acts or omissions of her agent.

Discussion. Rule 60(b)(1) permits a court to relieve a party from a final judgment order or proceeding on the basis of mistake inadvertence, surprise, or excusable neglect. Here, plaintiff's conduct constitutes excusable neglect. Generally, relief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F. 2d 357, 365 (6th Cir. 1990), and the

4

district court's discretion to deny relief under 60(b)(6) is particularly broad. *McDowell v. Dynamics Corp.*, 931 F. 2d 380, 383 (6th Cri. 1991).

Although it is the responsibility of litigants to keep the Court informed as to their current contact information, plaintiff believed that she was represented by counsel and had no reason to expect that the Court would be contacting her. It appears that plaintiff never received any of the orders that were mailed to her. Plaintiff asserts that given her interaction with the attorney she believed was representing her in this action, she believed that her case was proceeding as it should. Although plaintiff fails to identify why she failed to correct the address provided to the Court in the motion to withdrawal, once this error was made, she received no further communication alerting her to the fact that no attorney had filed a notice of appearance on her behalf. As a result, plaintiff was not aware of the scheduled preliminary pretrial conference, and she assumed that any communications from the Court would be sent to Mr. Patmon.

The law in the United States Court of Appeals for the Sixth Circuit is that:

> Relief from a judgment pursuant to Rule 60(b)(6) "is appropriate to accomplish justice in an extraordinary situation...." *Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir.1985). "[A] motion made under Rule 60(b)(6) is addressed to the trial court's discretion which is 'especially broad' given the underlying equitable principles involved." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989) (citing *Overbee*, 765 F.2d at 580; *Matter of Emergency Beacon Corp.*, 666 F.2d 754, 760 (2d Cir.1981)). Despite the "broad" discretion that courts enjoy to grant relief under Rule 60(b)(6), such relief is warranted "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of [Rule 60(b)]." *Hopper*, 867 F.2d at 294.

*Johnson v. Dellatifa,* 357 F.3d 539, 543 (6th Cir. 2004).

The question here is whether plaintiff Henry is entitled to relief from the judgment because she did all that she could reasonably be expected to do but was allegedly misled by her attorney into believing he was looking out for her interests. Defendant has offered no evidence to controvert Henry's allegations that Patmon misled her into believing he was handling the lawsuit for her. Under these circumstances, a plaintiff has made a sufficient showing for the court to grant the Rule 60(b)(6) motion to vacate judgment. *Fuller v. Quire*, 916 F.2d 358, 361 (6th Cir. 1990); *Doyle v. Mutual of Omaha Ins. Co.*, 504 Fed.Appx. 380, **4 (6th Cir. Nov. 2, 2012). *But see, Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845 (7th Cir. 2009).

Conclusion. For the reasons stated above, the Magistrate Judge RECOMMENDS that plaintiff Delphine Henry's October 29, 2013 motion to reinstate her case (doc. 17) and her November 21, 2013 motion for leave to file a reply or supplemental motion for relief from judgment instanter (doc. 20) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v.*

*Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

                                                         s/Mark R. Abel  
                                                         United States Magistrate Judge