UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DELPHINE HENRY, ) | |
| ) | Case No. 2:12 cv 841 |
| Plaintiff, ) | |
| ) | Judge Smith |
| vs. ) | |
| ) | Magistrate Judge Abel |
| ABBOTT LABORATORIES, ) | |
| ) | |
| Defendant. ) | |

## AGREED PROTECTIVE ORDER

IT IS HEREBY ORDERED:

1. The purpose of this Order is to limit the disclosure of confidential information, defined as personnel or employment files, social security numbers, tax records, medical records, payroll records, and salary information relating to non-parties, as well as sensitive and/or proprietary information or trade secrets, produced during discovery to the parties and certain other necessary persons as described herein (hereinafter referred to as "Confidential Material").  Any such documents produced by any party, and any exhibits attached to such documents, and any copies thereof may be designated by the producing party as confidential by prominently printing, stamping or writing the word "confidential" on the cover or front page of said document.  At the request of any party, any deposition testimony of any person, and any exhibits attached to such testimony, which contain confidential information, shall be designated as confidential and separately identified as confidential in the deposition transcript.  Only documents, deposition testimony, transcripts or exhibits designated as confidential shall be subject to the terms of this Order.

2. Unless otherwise agreed by the parties in writing, Confidential Material shall not be disclosed directly or indirectly by the party to whom such material is produced to anyone other than the following persons:

  a. Plaintiff or Defendant in this action;

  b. Counsel for the parties to this action and employees and agents of such counsel engaged in the preparation of this action;

  c. Current or former officers and employees of Abbott Laboratories, or any of its affiliates, parents, or related entities, who are involved in the preparation of the defense of this action;

  d. Any independent, non-party consultants or experts specially retained to assist counsel for the parties in the preparation of this action; and

  e. Any judicial officer of the United States District Court, State of Ohio in the Southern District of Ohio, Eastern Division (collectively the "Court") as well as clerks and court reporters and members of the Court's staff as the Court deems appropriate.

3. With the exception of those individuals listed in paragraph 2(e), persons receiving Confidential Material shall use such material only for the purposes of the prosecution, defense or settlement of this action and any appeal thereof, and for no other purpose.  No person receiving any Confidential Material shall disclose such material to any person other than those described in Paragraph 2.

4. Any person to whom Confidential Material is disclosed pursuant to paragraph 2(a)-(d) herein shall be advised by counsel either orally or by furnishing a copy of this Order regarding the contents of this Order.  Each such person to whom Confidential Material is disclosed will also be advised by counsel as to the consequences of violating this Order. It shall be the responsibility of the attorneys to whom any Confidential Material is produced to insure that all persons who are given access to such Confidential Material are advised regarding the existence, terms and conditions of this Order.

5. Whenever a party objects to the designation of any discovery material as confidential and wishes to disclose such discovery material beyond the terms of this Order, that party shall notify the other party of its objection.  If the parties cannot resolve their disagreement with respect to the propriety of any discovery material being designated as confidential, the party

{K0390157.1}

who seeks to remove such designation shall apply to the Court for a determination of that issue within seven (7) business days of notifying the other party of its objection. Unless and until otherwise ordered by the Court or agreed by the parties, all Confidential Material shall be subject to the restrictions of the Order.

6. To the extent any Confidential Material is filed with the Court or is referenced in any Court filing, either party may request by motion that the Court seal such material.

7. At the conclusion of this action, including any and all appeals arising therefrom, all documents, deposition testimony, and transcripts or exhibits, whether or not on file with the Court, which constitute, reproduce or reflect any Confidential Material, and any copies thereof, shall be either destroyed or returned to the party furnishing the same.

8. Nothing in this Order shall prevent any of the parties from using any Confidential Material in connection with any trial, hearing or other proceeding in this action or from seeking further protection with respect to the use of any such information or discovery materials in connection with such trial, hearing or other proceeding in this action.

9. Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery which it believes to be otherwise improper, or shall prevent the parties from agreeing to a separate protective order for extraordinarily significant confidential information should that be necessary.

10. This Order shall have no evidentiary value and shall not be admissible into evidence.

Entered:

s/Mark R. Abel
Unites States Magistrate Judge

**APPROVED AS TO FORM AND CONTENT:**

/s/ *Sharon Cason-Adams*
An Attorney for Plaintiff Delphine Henry

/s/ *David M. Scott* (0068110)
An Attorney for Defendant Abbott Laboratories